IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

                              PORTLAND DIVISION

MATTHEW D. REASON,
                                          Civil No. 08-1414-MO
        Petitioner,

    v.

SUPERINTENDENT COURSEY,
                                          OPINION AND ORDER
        Respondent.

    Thomas J. Hester
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Andrew Hallman
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

     1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state court convictions. Because petitioner's unargued claims do not entitle him to relief, and because his only argued claim is not contained within the operative pleading in this case, the Petition for Writ of Habeas Corpus (#3) is denied, and petitioner's unpled claim is dismissed.

## BACKGROUND

On June 27, 2002, petitioner assaulted his three-year-old step-daughter, KS. As a result, he was arrested and lodged in the Deschutes County Jail for Assault in the Third Degree and Criminal Mistreatment in the First Degree. *Id* at 3.

Following petitioner's arrest, his wife brought her eight-year-old son (petitioner's step-son), CS, and KS to live with her former husband, Robert Salveson. Salveson and petitioner's wife are the natural parents of the children. Once at Salveson's house, the children reported a history of sexual abuse by petitioner where KS was forced to sodomize petitioner and CS, CS was compelled to rape KS, and petitioner raped KS. Respondent's Exhibit 120.

Based on the non-sexual assault which occurred on June 27, 2002, the Deschutes County Grand Jury indicted petitioner in Case No. 02FE-0715-MA for Criminal Mistreatment in the First Degree and Assault in the First Degree. Based on the sexual assault of his

2 - OPINION AND ORDER

step-children, the Grand Jury returned an 18-count indictment charging petitioner with four counts of Sexual Abuse in the First Degree, four counts of Using a Child in a Display of Sexually Explicit Conduct, four counts of Coercion, two counts of Rape in the First Degree, two counts of Sodomy in the First Degree, and two counts of Sexual Penetration in the First Degree. Respondent's Exhibit 102.

The two indictments were consolidated for trial. The day before the cases were to come to trial, petitioner entered pleas of guilty to Criminal Mistreatment and Assault. Respondent's Exhibit 103. The guilty pleas were accepted the following day, and sentencing was continued until the charges in Case No. 02FE-0824-MA had been resolved at trial.

The jury convicted petitioner of all counts in Case No. 02FE-0824-MA, and the trial court sentenced him to 1,180 months in prison for those crimes. The court also sentenced petitioner to an additional consecutive term of 36 months on the Mistreatment charge from Case No. 02FE-0715-MA, resulting in a total term of imprisonment of 1,216 months. Respondent's Exhibit 101.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibit 107, 109-111.

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief and adopted

3 - OPINION AND ORDER

the State's trial memorandum as its own. Respondent's Exhibit 124. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 128-129.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus action on December 1, 2008, and the court appointed the Federal Public Defender's Office to represent him on January 14, 2009. In his Petition for Writ of Habeas Corpus, petitioner raises three repetitive grounds for relief which the court combines as follows:

> **Legal Claims**: Denied effective assistance of trial counsel and due process of law.
>
> **Supporting Facts**: Trial counsel failed to explore the possibility that petitioner could not aid and assist in his defense due because he suffered from post traumatic stress disorder causing diminished capacity. Trial counsel failed to obtain expert opinion regarding petitioner's post traumatic stress disorder. Trial counsel failed to adequately investigate the case and contact witnesses suggested to her prior to petitioner's entry of plea.

Petition (#3), pp. 6-9.

Petitioner also includes another section of his Petition advising the court of "grounds [that] have been brought up in one or more stages of [his] appellate process." *Id* at 10.1. He does not appear to raise these as formal grounds for relief, instead advising the court that upon the appointment of counsel on his behalf, he would file an amended petition. He then proceeds to identify various legal theories that he claims to have pursued in Oregon's state courts such as "Negligence, misrepresentation, right

4 - OPINION AND ORDER

to counsel, right to effective assistance of counsel . . . fast and speedy trial, denial of right to appeal. . . ." *Id.* Although the court appointed counsel to represent petitioner shortly after the filing of this action, petitioner never sought to amend his *pro se* Petition.

Respondent asks the court to deny relief on the Petition because: (1) none of the grounds for relief raised in the Petition are argued in petitioner's supporting memorandum, and they do not entitle him to relief; (2) the sole claim of ineffective assistance of counsel argued in petitioner's brief is not raised in the Petition; (3) the argued claim was not fairly presented to Oregon's state courts and is now procedurally defaulted; and (4) the argued claim lacks merit.

## DISCUSSION

### I. Unargued Claims

As previously noted, petitioner's three grounds for relief all raise the same claims. Petitioner does not provide argument to support his grounds for relief, nor does he attempt to refute the State's arguments in its Response that these claims do not entitle him to relief. The court has nevertheless reviewed petitioner's unargued claims and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as

5 - OPINION AND ORDER

true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## II. Ineffective Assistance of Trial Counsel

In his supporting memorandum, petitioner argues a single claim: whether his trial counsel was constitutionally ineffective when he advised petitioner that if he pled guilty to Assault and Criminal Mistreatment, evidence of his assault on KS would be kept out of his trial pertaining to the sexual abuse of his step-children.  Petitioner asserts that he was not afforded this benefit.

Rule 2(c) of the Rules Governing Section 2254 Cases requires each habeas petition to "specify all the grounds for relief which are available to the petitioner" and to "state the facts supporting each ground."  The Advisory Committee Notes to Rule 2(c) recognize the problem with not specifically identifying a ground for relief and its supporting facts in the Petition:  "In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  Since it is the relationship of the facts to the claim asserted that is important, these petitions were obviously deficient."  28 U.S.C., pp. 352-53.  The Committee Notes pertaining to Rule 4 make it clear that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real

6 - OPINION AND ORDER

possibility of constitutional error.'"  Advisory Committee's Note on Rule 4, 28 U.S.C., p. 355 (citing *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  Consistent with these rules, the form petition required by the court's Local Rules and utilized by petitioner in this case not only required petitioner to "state every ground on which you claim that you are being held in violation of the Constitution," but explicitly mandated that he "[s]tate the <u>facts</u> supporting each ground."  (underlining in original).

    Nowhere in his Petition does petitioner raise the ineffective assistance of counsel claim he now seeks to argue.  At best, the Petition advises the court that, in past proceedings somewhere in Oregon's state courts, he raised a claim of "conviction obtained by guilty plea after a plea of not guilty in which [petitioner] was unlawfully induced or not made voluntar[il]y with [the] understanding of the nature of the charge and the consequences of the plea. . . ."  Petition (#3), p. 10.1.  As previously noted, this was not raised as an independent ground for relief in the Petition but was rather a historical recitation of a legal theory expounded at some point in Oregon's state courts which might be formally converted into a ground for habeas corpus relief in an amended petition, a pleading which was never filed in this case.

    Even assuming this was intended to constitute a separate ground for habeas corpus relief in the absence of an amended

7 - OPINION AND ORDER

petition, it is vague, conclusory, and fails to describe the claim actually argued in petitioner's supporting memorandum. In fact, it is not even clear from the Petition whether this unidentifiable claim is intended to be one of trial court error thus arising out of the Due Process Clause, or whether it is a claim of ineffective assistance of counsel.

Because petitioner's supporting memorandum argues a claim which was clearly not raised in his Petition, the court need not consider it. *Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002). Accordingly, petitioner's argued claim of ineffective assistance of counsel is dismissed for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#3) is DENIED, and petitioner's argued but unpled claim of ineffective assistance of counsel is DISMISSED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __24__ day of June, 2010.

                              /s/Michael W. Mosman
                                Michael W. Mosman
                              United States District Judge